IVORY H. CRABTREE

*vs.*

WASHINGTON COUNTY RAILWAY COMPANY.

Washington.    Opinion July 17, 1906.

*Contracts.   Railroad Excursion Tickets.   Limitations of Use.   Same Must be Stated " On the Ticket."   Ticket Sole Evidence of Contract.   R. S., c. 52, § 2.*

Revised Statutes, chapter 52, section 2, provides as follows : " No railroad company shall limit the right of a ticket-holder to any given train, but such ticket-holder may travel on any train, whether regular or express, and may stop at any of the stations along the line of the road at which such trains stop; and such ticket shall be good for a passage as above for six years from the day it was first issued; *provided,* that railroad companies may sell excursion, return or other special tickets at less than the regular rates of fare, to be used only as provided on the ticket."

The defendant sold to the plaintiff an excursion ticket from Eastport to Machias and return for about one-fourth of the regular fare from Eastport to Machias and return, of the following tenor : " Washington County Railway Excursion Ticket.   Eastport to Machias and return.   This ticket is good only on continuous trains, and not good to stop off."   The plaintiff rode on the defendant's train to Machias on the same day the ticket was issued to him, staid over night, and on the morning of the next day he boarded a regular train to return to Eastport and tendered the aforesaid ticket for his passage.   The conductor refused to accept the same, and the plaintiff, upon his refusal to pay other fare, was ejected from the train.   *Held :* that under the provisions of the aforesaid statute the only limitation of the use of this ticket " provided on the ticket " was that it should be " good only on continuous trains, and not good to stop off," and that the plaintiff had a right to a ride on any regular train from Machias to Eastport within six years from the date of the ticket provided he made a continuous passage.

It was undoubtedly the intention of the legislature by the enactment of the aforesaid statute to require railroad companies to state " on the ticket " all the limitations of its use other than the six year limitation imposed by the statute.

The plaintiff's use of the ticket was in no way modified by any provisions in posters or advertisements issued by the defendant that were not " pro-

vided on the ticket," even though he had knowledge of such provisions, And evidence of such knowledge is inadmissible as the ticket itself is the only competent evidence of the contract between the plaintiff and the defendant.

On agreed statement of facts.   Judgment for plaintiff.

Action on the case to recover damages for the alleged unlawful ejectment of the plaintiff from the defendant's train on which he was a passenger.

The action came on for trial at the October term, 1905, of the Supreme Judicial Court, Washington County, at which time the parties filed an agreed statement of facts and on this agreed statement the case was sent to the Law Court with the following stipulations: "Upon such of the foregoing facts as are legally admissible, the court shall render judgment on law and fact, and if for plaintiff the damages assessed shall be twenty dollars."

The facts, so far as material, are fully stated in the opinion.

*William R. Pattangall*, for plaintiff.

*Curran & Curran*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

SPEAR, J.   This case comes up on an agreed statement of facts. The Washington County Railway, the defendant, advertised an excursion from Eastport to Machias and return by posting handbills containing the following announcement:

" Washington County Railway.   The All Rail Line.   Everyone in Eastport will be at Machias Wednesday, March 22nd, 1905, to root for the Lobsters.   Fare, Eastport to Machias 75 cents and return.   Good going on regular trains and for return on the Lobsters' special."

The defendant caused to be inserted in the Eastport Sentinel, a newspaper published at Eastport on the 22nd day of March, a somewhat more extended notice.

The agreed statement also shows that the plaintiff purchased for seventy-five cents, a sum of about one-fourth of the regular fare from

Eastport to Machias, and return, a ticket for this excursion similar to the following copy :

"Washington County Railway Excursion Ticket, Eastport to Machias and Return. This ticket is sold for less than regular fare and is good only on continuous trains, and not good to stop off."

The plaintiff traveled upon this ticket to Machias on the regular train of the defendant the night of the twenty-second day of March aforesaid, and after the basket-ball game advertised, went with the other excursionists to the defendant's station at Machias for the purpose of boarding the special train there to return to Eastport. The special train was the "Lobsters' Special," so-called, and was made up for the return of the excursionists to Eastport, leaving Machias at about twenty minutes after twelve o'clock A. M. on the twenty-third day of March A. D. 1905, and was the only train other than the regular train leaving Machias on the night of the twenty-second, or the morning of the twenty-third. The plaintiff being unable to obtain a seat owing to the crowded condition of the train stayed in Machias over night, but on the morning of the twenty-third day of March boarded a regular train of the defendant to go to Eastport. He tendered for his passage his aforesaid ticket, and was told by the conductor that it was no good on that train. Upon plaintiff's refusal to tender other fare he was ejected from the train at a regular station without unreasonable or unnecessary force.

Upon such of the foregoing facts as are legally admissible, the court shall render judgment on law and fact, and if for plaintiff the damages assessed shall be $20.

Upon this statement, the plaintiff seeks to recover against the railroad company for its refusal to transport him upon the ticket in question. His right of recovery depends upon determining whether the ticket he offered was a valid contract between him and the railroad company upon which he was, at that time, entitled to a passage from Machias to Eastport.

Our statute declares, "no railroad company shall limit the right of a ticket holder to any given train, but such ticket holder may travel

on any train, whether regular or express, and may stop at any of the stations along the line of the road at which such trains stop; and such ticket shall be good for a passage as above for six years from the day it was first issued; *provided,* that railroad companies may sell excursion, return or other special tickets at less than the regular rates of fare, to be used only as *provided on the ticket."* R. S., chapter 52, section 2. This proviso settles the case at bar. It was undoubtedly the intention of the legislature by this enactment to require railroad companies to state *"on the ticket"* all the limitations of its use other than that imposed by the statute viz., the six year limitation.

In this case the only limitation of its use " provided on the ticket " was that it should be " good only on continuous trains, and not good to stop off." The statute having prohibited any other limitation except the six year limit, we are unable to see that the plaintiff's use of the ticket he had purchased was in any way modified by any provisions in posters or advertisements that were not " provided on the ticket," even though he had knowledge of them. Evidence of such knowledge is inadmissible as the ticket itself is the only competent evidence of the contract between the plaintiff and defendant. Prior to the enactment of the statute, the ticket did not necessarily bear evidence, upon its face, of all the terms of the contract, *Burnham* v. *Grand Trunk Ry. Co.,* 63 Maine, 298. *Crosby* v. *Maine Central R. Co.,* 69 Maine, 418. But the statute containing the above proviso was enacted subsequent to the promulgation of each of the above cases and must be presumed to have been considered with reference to them and to negative the conclusions therein deduced. The plaintiff had a right to a ride on any regular train from Machias to Eastport within six years from the date of his ticket, provided, when he had once taken a train he made a continuous passage.

In accordance with the stipulation in the report the entry must be,

*Judgment for the plaintiff for $20 and costs.*